UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION - FLINT

IN RE:

MICHAEL R. LUARK,　　　　　　　　　　　　Case No. 14-32209-dof
　　　　Debtor.　　　　　　　　　　　　　　　Chapter 13 Proceeding
　　　　　　　　　　　　　　　　　　　　　　　Hon. Daniel S. Opperman
_____/

OPINION REGARDING SECOND APPLICATION FOR AWARD OF
POST-CONFIRMATION ATTORNEY FEES OF SMITH LAW GROUP, PLLC

Introduction

Smith Law Group, PLLC, ("Applicant") the former attorney for the Debtor, Michael Luark, filed a Second Application for Award of Post-Confirmation Attorney Fees of $3,396.50 ("Fee Application"), to which both the Chapter 13 Trustee and the Debtor have objected. At the October 18, 2016, hearing regarding the Fee Application, the Applicant agreed that certain objections should be sustained such that the Fee Application was orally amended to reduce the request to $2,575.00. The Chapter 13 Trustee and the Debtor, through successor counsel, continued to object to such an award, so the Court heard arguments of counsel on October 18, 2016, and took this matter under advisement. For the reasons stated in this Opinion, the Court sustains in part and overrules in part the objections of the Chapter 13 Trustee and the Debtor and awards $2,476.00 to Smith Law Group, PLLC.

Findings of Fact

The Debtor filed his Chapter 13 petition with this Court on August 5, 2014, and his Chapter 13 Plan was confirmed on June 17, 2015. Throughout this entire case, the Debtor has been plagued with a series of problems complicating his case. Even after confirmation of his Chapter 13 Plan, the

1

Debtor continued to struggle to make payments to the Chapter 13 Trustee such that the Chapter 13 Trustee filed a Motion to Dismiss on March 21, 2016, which was granted on June 13, 2016, after the Chapter 13 Trustee filed an Affidavit of Default. On June 21, 2016, the Debtor filed a Motion to Reinstate his Chapter 13 case and the Chapter 13 Trustee objected to that request. On July 12, 2016, the Court heard arguments and reinstated this case. The cause for the request of the Chapter 13 Trustee to dismiss this case was the failure of the Debtor to provide certain documents, but the Court reinstated the case because it was satisfied that the documents that the Trustee requested were ultimately given to the Trustee as part of the Motion to Reinstate. Shortly thereafter on August 11, 2016, the Applicant was removed as counsel for the Debtor.

The Chapter 13 Trustee objects to the following entries, which the Applicant agreed were proper objections:

| 7/24/2015 | SFS | Emails to Trustee regarding stipulation | .40 | 275.00 | 110.00 |
|---|---|---|---|---|---|
| 7/29/2015 | SFS | Conference with Trustee | .30 | 275.00 | 82.50 |
| 7/30/2015 | SFS | Amended Order | .30 | 275.00 | 82.50 |
| | | Total | 1.0 | | 275.00 |

The Chapter 13 Trustee also objects to certain time entries as follows:

| 12/3/2015 | SFS | Draft Objection to Mortgage payment change<br><br>[Trustee suggests that the time spent on such service be reduced to .10 as the objection consisted of one sentence for a total award of $27.50] | .40 | 275.00 | 110.00 |
|---|---|---|---|---|---|

| 7/11/2016 | SFS | Review file<br><br>[Trustee objects to this service in that it should not have been necessary for Applicant to re-review this file as Applicant would have had to review the file upon filing the motion to reinstate which counsel bill [sic] .40 hours on 6/21/2016. Trustee opposes this charge in its entirety] | .50 | 285.00 | 142.00 |
|---|---|---|---|---|---|
| 7/12/2016 | SFS | Draft Motion to Reinstate and Attend Hearing<br><br>[Trustee objects to this time entry as there was no such document filed on 7/12/2016 and the Applicant previously billed for the motion to reinstate on 6/21/2016. Trustee also opposes the Applicant billing for attending the hearing as it appears from statements made by the Debtor at the status conference that the Debtor had previously given Applicant verification of veteran's income. The income verification had not been provided to the Trustee prior to the hearing. Had the income information been provided to the Trustee before the hearing date there may not have been a need for the hearing] | 2.5 | 285.00 | 712.00 |
| 8/14/2015 | SFS | Prepare Objection Claim with Response Date and Notice of Hearing<br><br>[Trustee notes that the preparation of Objection was actually an amendment of the objection that was prepared and billed for on 8/13/2015. The Applicant amended the relief requested in the "Wherefore" paragraph of the prior objection. Trustee suggests a reduction in time to .10 for a total amount of $27.50] | .30 | 275.00 | 82.50 |
| 8/20/2015 | SFS | Review Obj. To Claims<br><br>[Trustee objects to the time entry in its entirety as it should not have been necessary for counsel to review the Objections he just drafted and filed a week prior to this entry] | .20 | 275.00 | 55.00 |

3

| Date | Atty | Description | Hours | Rate | Amount |
|---|---|---|---|---|---|
| 9/14/2015 | SFS | Draft Cert. of Non-Response<br><br>[The drafting of a Certificate of Non-Response does not require the expertise of an attorney billing at $275.00 per hour; Trustee suggests a paralegal rate at $60.00 per hour for a total amount of $12.00] | .20 | 275.00 | 55.00 |
| 9/15/2015 | SFS | Review Claims Order<br><br>[The reviewing of the Claims Order does not require the expertise of an attorney billing at $275.00 per hour; Trustee suggests a paralegal rate of $60.00 per hour for a total of $6.00] | .10 | 275.00 | 27.50 |
| 9/15/2015 | SFS | Negotiate settlement on claims; Review Stipulation; Review Order<br><br>[The time spent on this service is excessive as "settlement" consisted of the Applicant adding a sentence to the proposed order of the Objection to the Harley Davison's [sic] Proof of Claim at the Trustee's request. Trustee suggests a reduction in time to .10 hours for a total amount of $27.50] | .30 | 275.00 | 82.50 |
| 9/1/2016<br><br>9/2/2016 | MN<br><br>SFS | Prepare exhibits for Fee Application<br><br>Draft Fee Application and Review<br><br>[The time spent for said service was excessive and unreasonable under §330(a) and Trustee relies on *In re Bass*, 227 B.R. 103(Bankr. E.D.Mich. 1998). In *Bass*, Judge Rhodes held that absent special circumstances, fees for preparation of the fee application should be limited to 5% of the total fees requested. Trustee suggests the amount charged for this service should be limited to 5% or $148.00 total] | 2.0<br><br>1.0 | 75.00<br><br>285.00 | 150.00<br><br>285.00 |

As an overriding issue, the Chapter 13 Trustee also objects that the hourly rate charged by the Applicant was increased from $275.00 per hour to $285.00 per hour over the course of the time

4

period involved. The Chapter 13 Trustee and the Debtor argue that the hourly rate should be $275.00.

In response, the Applicant conceded certain objections raised by the Trustee, but contested the Trustee's objections regarding the services necessary to reinstate the Debtor's case, most notably those rendered between June 21, 2016 - July 12, 2016. As explained by the Applicant, the Debtor had some information which was forwarded to the Applicant and was shared with the Chapter 13 Trustee, but other information was not available. Throughout this time, the Applicant argues that he did the best he could to get the information to the Chapter 13 Trustee, but that the Debtor's failure to supply this information to him caused the case to be dismissed.

The Debtor also objects to the Fee Application of the Applicant, arguing that the $285.00 hourly rate is too high and that there is no basis for his former counsel to be paid any fees after the Chapter 13 Plan was confirmed. In that regard, the Fee Application included only one of two pages of the Statement of Attorney for Debtors Pursuant to F.R.Bank.P. 2016(b) ("Statement"). While the Debtor is certainly correct in that the Statement as attached to the Application did not allow post-confirmation fees, the second page of the Statement that was filed at Docket No. 16 on August 19, 2014, states the following:

> The flat rate does NOT include any work performed on your behalf post-confirmation. Work performed on your behalf after the confirmation of your case will be billed at an hourly rate and an Application for Attorney Fees will be filed with the Court and you will be provided with notice and the opportunity to review the fees and object.

## Jurisdiction

This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 157, 28 U.S.C. § 1334, and E.D. Mich. LR 83.50. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) (matters concerning the administration of the estate).

5

Applicable Law

11 U.S.C. § 330(a)(3) provides, in relevant part:

> In determining the amount of reasonable compensation to be awarded . . . the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including–
>
> (A) the time spent on such services;
>
> (B) the rates charged for such services;
>
> (C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;
>
> (D) whether the services where performed within a reasonable amount of time commensurate with the complexity, importance and nature of the problem, issue, or task addressed;
>
> (E) with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and
>
> (F) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

11 U.S.C. § 330(a)(4) prohibits the Court from allowing compensation for:

> (i) unnecessary duplication of services; or
>
> (ii) services that were not–
>
> (I) reasonably likely to benefit the debtor's estate; or
>
> (II) necessary to the administration of the case.

The lodestar method is to be utilized in awarding fees under Section 330. *Boddy v. United States Bankruptcy Court, Western District of Kentucky (In re Boddy)*, 950 F.2d 334 (6th Cir. 1991). The lodestar method of fee calculation multiplies the attorney's reasonable hourly rate by the number of hours reasonably expended. *Id*. at 337. The *Boddy* Court further held:

6

> The bankruptcy court also may exercise its discretion to consider other factors such as the novelty and difficulty of the issues, the special skills of counsel, the results obtained, and whether the fee awarded is commensurate with fees for similar professional services in non-bankruptcy cases in the local area. In many cases, these factors will be duplicative if the court first determines the lodestar amount because the lodestar presumably subsumes all of these factors in its analysis of the *reasonable* hourly rate and the *reasonable* hours worked.

*Boddy*, 950 F.2d at 338 (citations omitted).

Per *Boddy*, a "court can legitimately take into account the typical compensation that is adequate for attorney fees in Chapter 13 cases, as long as it expressly discusses these factors in light of the reasonable hours actually worked and a reasonable hourly rate." *Id.*

The professional requesting compensation has the burden of proof regarding the application for compensation. *In re Sharp*, 367 B.R. 582, 585 (Bankr. E.D. Mich. 2007); *In re New Boston Coke Corp.*, 299 B.R. 432 (Bankr. E.D. Mich. 2003).

## Analysis

The first component of the *Boddy* analysis is an examination of the hourly rate. In this case, the Applicant originally charged $275.00 per hour, but then apparently increased that rate to $285.00. At oral argument, the Applicant did not withdraw his request for the $285.00 per hour rate, but did note that the Court had approved $275.00 in the past and that would be an appropriate hourly rate here. The Court agrees that $275.00 per hour is an appropriate hourly rate in this case and will use that hourly rate in its calculations. To the extent that both the Chapter 13 Trustee's and the Debtor's objection to an hourly rate of $285.00 is raised, the Court sustains that objection.

The Debtor argues that he should not have to pay the Applicant for any post-confirmation services, primarily because that was not the arrangement between the Applicant and the Debtor. While it is true that the Applicant only attached the first page of the Statement, the second page filed with this Court clearly allows the Applicant to receive fees for work performed after confirmation

7

of the Debtor's Chapter 13 Plan. Accordingly, the Court overrules the Debtor's objection and will allow the Applicant to be paid for services rendered after confirmation of the Debtor's Chapter 13 Plan. As for the specific amounts, the Applicant has conceded that at least 1.0 hour for services rendered on July 24, 2015, July 29, 2015, and July 30, 2015, should not be compensated, resulting in a $275.00 reduction. Also, the Applicant has conceded that $148.00 should be the amount charged to prepare the instant Fee Application.

As for the remaining items, the Applicant did concede a reduction for the December 3, 2015, services to .20 hours, as opposed to .40 hours, and the Court concludes that this is an appropriate adjustment. To the extent that the Chapter 13 Trustee suggests an award of .10 hour, the Court overrules that objection because it appears appropriate for the Applicant to spend that amount of time preparing for and drafting such an objection to a mortgage payment change. Summarily, the Court adjusts the July 11, 2016, "Review File" request from .50 hours to .20 hours, noting that it would be appropriate for the Applicant to review certain matters on the eve of the July 12, 2016, hearing. As for the July 12, 2016, entry, the Court first notes that the "Draft Motion to Reinstate" description is incorrect in that the motion to reinstate was filed on June 21, 2016. That said, the description leaves the Court to conclude that this entry was to detail the time spent by the Applicant in preparing for and arguing the motion to reinstate. While the Chapter 13 Trustee is correct that the Debtor, through counsel, had not supplied all of the information to the Chapter 13 Trustee to avoid such a hearing, the Court cannot discern the true culprit for this failure. What the Court can conclude, however, is that the Applicant performed to an acceptable standard to convince this Court that the Debtor's case should be reinstated. As such, the Court overrules the Chapter 13 Trustee's objections to these entries and allows the award of 2.5 hours for the time spent on July 12, 2016. The Applicant did concede that the August 14, 2015, entry should be reduced such that the Court

reduces the time allowed from .30 hours to .10 hour, as well as disallowing the August 20, 2015, entry of .20 hours. As for the September 14, 2015, entry of "Draft Cert. of Non-Response" and the September 15, 2015, entry of "Review Claims Order" the Court sustains the Trustee's objection and awards $12.00 and $6.00, respectively because of the administrative nature of these two entries. Finally, the Court reduces the September 15, 2015, entry of "Negotiate Settlement on Claims; Review Stipulation and Review Order" to .10 hour from .30 hours because the Court is convinced that the Applicant merely added a sentence to the proposed order objecting to the proof of claim of Harley Davidson.

After the Court reduces the hourly rate to $275.00 and adjusts the hours and amounts allowed, the Court concludes that the Applicant is entitled to reimbursement of 8.4 hours at $275.00 per hour, which totals $2,310.00, as well as $18.00 for administrative work, and $148.00 to prepare the instant Fee Application. Accordingly, the Court overrules in part and sustains in part the objection of the Debtor and the Chapter 13 Trustee and awards $2,476.00 to Smith Law Group, PLLC.

Smith Law Group, PLLC is directed to prepare an order consistent with this Opinion and the presentment of order procedures of this Court.

**Signed on November 22, 2016**

                                         **/s/ Daniel S. Opperman**
                                   **Daniel S. Opperman**
                                   **United States Bankruptcy Judge**